J-S33027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERIC GRIGGS | : | |
| | : | |
| Appellant | : | No. 3051 EDA 2019 |

Appeal from the PCRA Order Entered September 26, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1202751-1997,
CP-51-CR-1202811-1997, CP-51-CR-1203021-1997

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERIC GRIGGS | : | |
| | : | |
| Appellant | : | No. 3052 EDA 2019 |

Appeal from the PCRA Order Entered September 26, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1202751-1997,
CP-51-CR-1202811-1997, CP-51-CR-1203021-1997

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERIC GRIGGS | : | |
| | : | |
| Appellant | : | No. 3053 EDA 2019 |

Appeal from the PCRA Order Entered September 26, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1202751-1997,

J-S33027-20

CP-51-CR-1202811-1997, CP-51-CR-1203021-1997

BEFORE: DUBOW, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MURRAY, J.:                    **FILED NOVEMBER 16, 2020**

In these consolidated appeals, Eric Griggs (Appellant) appeals *pro se* from the order dismissing as untimely his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the procedural history of this case as follows:

> [Appellant] was arrested and subsequently charged in connection with a series of neighborhood-bar robberies in the summer of 1997. On June 14, 1999, following a jury trial presided over by the Honorable D. Webster Keogh, [Appellant] was convicted of sixteen counts of robbery, three violations of the Uniform Firearms Act, and three counts of conspiracy. On July 28, 1999, the trial court sentenced [Appellant] to an aggregate term of [25] to [70 years of] incarceration. On May 9, 2001, following a direct appeal, the Superior Court affirmed the judgment of sentence. [Appellant] did not seek *allocatur* in the Pennsylvania Supreme Court.

> [Appellant] filed his first *pro se* PCRA petition on February 12, 2002. Sondra R. Rodrigues, Esquire, was appointed and subsequently filed an amended petition on March 20, 2003. The PCRA court denied relief on July 13, 2004. On January 11, 2006, the Superior Court affirmed the PCRA court's denial of post-conviction relief. [Appellant] did not seek *allocatur* in the Pennsylvania Supreme Court.

> [Appellant] was subsequently unsuccessful in obtaining collateral relief through a serial PCRA petition filed in 2009.

> On April 10, 2017, [Appellant] filed the instant *pro se* PCRA petition, his third. [Appellant] submitted a supplemental petition,

---

* Former Justice specially assigned to the Superior Court.

- 2 -

which was reviewed jointly with his initial petition. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served notice of [the PCRA court]'s intention to dismiss his petition [without a hearing] on April 30, 2019. On September 26, 2019, [the PCRA court] dismissed his PCRA petition as untimely.

PCRA Court Opinion, 12/4/19, at 1-2 (footnotes omitted).

On October 18, 2019, Appellant filed a timely, single notice of appeal which listed all three docket numbers in this case.[1] On November 20, 2019, pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), this Court issued a rule to show cause why the appeal should not be quashed. In **Walker**, our Supreme Court instructed that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case," or the appeal will be quashed. **Id.** at 971, 976-77. The Supreme Court applied this holding prospectively to notices of appeal filed after June 1, 2018.

Appellant filed his notice of appeal on October 18, 2019, and thus **Walker** applies. The underlying appeal is from a single order resolving issues arising on three docket numbers. Appellant filed a response to our rule to show cause conceding that he filed a single notice of appeal that listed all three docket numbers in violation of **Walker**; however, he asserted, *inter alia*, that his *pro se* filing should "be held to a lesser standard than pleadings

_____

[1] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court did, however, file an opinion which explained its reasons for dismissing Appellant's petition as untimely.

presented by attorneys." Response to Rule to Show Cause, 11/29/19, at 2, 6.

A recent *en banc* panel of this Court has explained that we may overlook the requirements set forth in **Walker** where a breakdown in the court system occurs. **Commonwealth v. Larkin**, 235 A.3d 350, 353-54 (Pa. Super. 2020) (*en banc*); **see also Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019). In both **Larkin** and **Stansbury**, we held that with respect to the **Walker** mandates, a breakdown in the court system occurs when the trial court misinforms the defendant of his appellate rights. **Larkin**, 235 A.3d at 353-54; **Stansbury**, 219 A.3d at 160. In both **Larkin** and **Stansbury**, the trial court misinformed the defendants that they could to file a single notice of appeal from an order resolving issues at multiple docket numbers. **Id.**

Here, our review of the record reveals a scenario similar to the situations presented in **Larkin** and **Stansbury**. The PCRA court's order dismissing Appellant's petition stated, "You have thirty (30) days from the date of this order to file **a** notice of appeal to the Superior Court of Pennsylvania." PCRA Court Order, 9/26/19 (emphasis added). The PCRA court did not advise Appellant that he had to comply with the mandates of **Walker**. Accordingly, we conclude that a breakdown of the court system occurred. **See Larkin**, 235 A.3d at 353-54. We thus decline to quash Appellant's appeal under **Walker**, and turn to the issue Appellant presents for our review.

Appellant states:

1) Does the trial court's dismissal of the properly filed PCRA without an evidentiary hearing constitute clear legal error given [] Appellant invoked a valid timeliness exception to the PCRA time limitations?

Appellant's Brief at 6.

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

Before we address Appellant's substantive claim, we must determine whether we have jurisdiction. "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment of sentence became final, unless one of the three statutory exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). If a petition is untimely, and the petitioner has not pled and proven an exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006)).

Because Appellant filed his petition on April 10, 2017, he is subject to the prior law, which required that a petition invoking an exception to the time bar be filed within 60 days of the date the claim could have been presented. However, effective December 2017, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), and now provides that a PCRA petition invoking a timeliness exception must be filed within **one year** of the date the claim could have been presented. **See** Act 2018, Oct. 24, P.L. 894, No. 146, §§ 2, 3. Although we note the change, it does not impact our disposition.

Instantly, this Court affirmed Appellant's judgment of sentence on May 9, 2001, and he did not file a petition for allowance of appeal to our Supreme Court. **See** PCRA Court Opinion, 12/4/19, at 2. Consequently, Appellant's judgment of sentence became final on June 8, 2001, when the 30-day period for filing a petition for allowance of appeal to the Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3) (stating that a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the

Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); *see also* Pa.R.A.P. 1113(a) ("[A] petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court . . . sought to be reviewed."). Thus, the deadline for Appellant to file a timely PCRA petition was June 10, 2002. As Appellant filed the underlying petition on April 10, 2017, it is facially untimely, and we lack jurisdiction to reach the merits unless Appellant has pled and proven one of the three exceptions. *See* 42 Pa.C.S.A. § 9545(b)(1); *see also Derrickson*, 923 A.2d at 468.

To overcome the PCRA's time bar, Appellant attempted to satisfy the newly-discovered fact exception of Section 9545(b)(1)(ii). Specifically, Appellant asserted that he did not commit the aforementioned robberies, and he was unaware that the individuals responsible for the robberies would come forward with affidavits confessing to the crimes. *See* PCRA Petition, 4/10/17, ¶ 5(II), 6; *see also* Proposed Amendment to PCRA Petition, 11/8/17 (Affidavit).

With respect to the newly-discovered fact exception, this Court has explained:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007). Due diligence demands that the petitioner take reasonable steps to protect his

own interests. ***Commonwealth v. Carr***, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. ***Commonwealth v. Breakiron***, 781 A.2d 94, 98 (Pa. 2001); ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010). This rule is strictly enforced. ***Id.*** Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) [].

The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. ***Bennett***, 930 A.2d at 1270. "This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of 'after-discovered evidence.'" ***Id***. Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii); ***Bennett***, ***supra***. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, *inter alia*, unavailability at time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced). In other words, the "new facts" exception at:

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

***Bennett***, 930 A.2d at 1272 (internal citations omitted) (emphasis in original).

*Commonwealth v. Brown*, 111 A.3d 171, 176-77 (Pa. Super. 2015) (citations modified).

Here, the PCRA court summarized the content of the affidavits provided by Appellant, and explained its rejection of Appellant's claim as follows:

In an attempt to satisfy the newly-discovered fact exception, § 9545(b)(1)(ii), [Appellant] claimed he recently discovered that he was not involved in the commission of the robberies. In support of his claim, [Appellant] appended a 2017 affidavit authored by Reginald Boykin, one of his convicted co[-]conspirators. *See* PCRA petition, 4/10/17 at 3, 22 (unpaginated). According to Boykin, [Appellant] did not participate in the robberies. *See id*. at 22. [Appellant] also appended a 2017 affidavit authored by Lawrence Davis, an associate of [Appellant]'s co-conspirators. *See* Supplemental petition, 11/8/17 at 5 (unpaginated). According to Davis, he helped Boykin execute the robberies and [re-]iterated Boykin's contention that [Appellant] wasn't involved. *See id.*

At the outset, the purported fact that [Appellant] did not participate in the robberies, if true, would have been known to [Appellant] since his arrest. Therefore, Boykin and Davis are merely new sources for a previously-known fact, which are insufficient to satisfy subsection 9545(b)(1)(ii). *See Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (holding that the focus of section 9545(b)(1)(ii) "is on the newly-discovered facts, not on a newly discovered or newly willing source for previously known facts").

Additionally, [Appellant] failed to satisfy the due diligence prong of subsection 9545(b)(1)(ii). [Appellant] was aware that Boykin was willing to provide exculpatory evidence at the time of trial. *See* PCRA petition, 2/12/02 at 6 (stating that [Appellant] informed trial counsel of Boykin's proposed testimony). [Appellant] did not, however, explain why he couldn't have obtained a statement from one of his co-conspirators until nearly two decades after his trial. Thus, [Appellant] failed to meet his burden of showing that his decision to wait for a "chance encounter" with Boykin constituted due diligence. Furthermore, with respect to Davis' affidavit, [Appellant] failed to specify when he discovered the information contained therein. Specifically,

- 9 -

despite [Appellant]'s acknowledgement of his presence at one of the robberies, he neither averred that he was unaware of Davis' participation nor detailed when he discovered it. These omissions were fatal to [Appellant's] attempt to demonstrate that he filed his supplemental petition within the [60-day] time period mandated by the former provision of 42 Pa.[C.S.A.] § 9545(b)(2).

PCRA Court Opinion, 12/4/19, at 3-4 (footnotes omitted).

Based upon our review, including Appellant's PCRA petition and supplemental filings, we agree with the PCRA court's well-reasoned analysis of Appellant's attempt to plead and prove the newly-discovered fact exception of Section 9545(b)(1)(ii). Thus, Appellant's third PCRA petition is untimely, he has failed to successfully plead or prove an exception to the PCRA's one-year time limitation, and we lack jurisdiction to address the merits of Appellant's claim for collateral relief. **See Derrickson**, 923 A.2d at 468.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/20

- 10 -